**GOULD et al. v. GRESHAM & SON.**
(No. 8278.)

(Court of Civil Appeals of Texas. Galveston. Dec. 20, 1922. Rehearing Denied Jan. 11, 1923.)

1. Homestead ⟸141(1)—Finding that widow of maker of note sued on had no homestead rights in land securing note sustained.

In an action on a note and to foreclose a mortgage securing it, covering a 78-acre tract of land, brought against the widow and heirs of the maker after his death, evidence that the maker's family lived on another tract separately owned by the widow *held* to sustain a finding that the widow had no homestead rights in the tract of land covered by the mortgage.

2. Executors and administrators ⟸176—No allowance of support for widow and minors in absence of evidence of want of adequate means of support or of existence of minors.

In an action on a note and to foreclose a mortgage securing it brought against the widow and heirs of the maker, defendants were not entitled upon an adverse judgment to any award in lieu of provisions for the support of the family for one year, Vernon's Sayles' Ann. Civ. St. 1914, art. 3404, requiring such allowance to be made within 12 months after the grant of original letters testamentary, and article 3406, providing that no such allowance shall be made when the widow and minor children have property in their own right adequate to their maintenance; there being no evidence to show that any minors belonged to the family of the deceased maker nor that the widow did not have adequate means for her support.

3. Executors and administrators ⟸190—To obtain allowance in lieu of exempt property, widow and minor children must present application in writing within four years after death of head of family.

While property specifically designated by law as exempt property to the head of a family passes absolutely to the surviving constituents of the family upon the death of the husband

and father, by the enactment of Vernon's Sayles' Ann. Civ. St. 1914, art. 3413, providing for the setting aside of exempt property, and by article 3414, authorizing a reasonable allowance in lieu of exempt property not among effects of deceased, and article 3419, authorizing the sale on written application of the widow and children to raise the amount of such allowance, the Legislature intended to provide before an allowance in lieu of exempt property that the widow and minor children should present to the probate court their application in writing for such award within four years after the death of the head of the family.

**4. Executors and administrators ⊗⇒194(1)— Probate court may, after return of inventory, set aside exempt property for benefit of deceased's widow and minor children.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3413, authorizing the court to set aside exempt property for the benefit of the widow and minor children and unmarried daughters remaining with the family of deceased, the exemptions are to be set aside by an order of the probate court after the return of an inventory showing what exempt property was among the effects of the deceased.

**5. Executors and administrators ⊗⇒190—Widow and heirs held not entitled to allowance in lieu of exempt property after four years.**

In a suit on a note given by one since deceased and to foreclose a mortgage securing it, brought against the widow and heirs, defendants were not entitled to an allowance in lieu of exempt property not in deceased's possession, where no administration was taken out within four years after decedent's death, so that Vernon's Sayles' Ann. Civ. St. 1914, arts. 3414, 3419, relating to such allowances, could be complied with.

**6. Executors and administrators ⊗⇒176—Allowance in lieu of exempt property not on hand not allowable in absence of evidence as to condition of estate at decedent's death.**

Where, in a suit on a note and to foreclose a mortgage securing it brought against the maker's widow and heirs, defendants made a claim for an allowance in lieu of exempt property, no such allowance could be made in the absence of a showing as to what property the maker had at the time of his death, and that there was no property belonging to the estate which might have been accepted by defendants in lieu of exempt property not on hand as provided by Vernon's Sayles' Ann. Civ. St. 1914, arts. 3414, 3419, or that there were not sufficient funds to pay an allowance in lieu of such property not on hand.

**7. Executors and administrators ⊗⇒176—No allowance in lieu of exempt property not on hand in absence of a showing that defendants did not have specific exemptions at time of trial.**

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3404, providing for an allowance for widow and minors to be paid out of the estate, and of article 3406, providing that no allowance shall be made for the widow and children when they have property adequate to their maintenance, no allowance in lieu of exempt property not on hand could be made in a suit against a widow and heirs of a deceased maker of a note; there being no evidence that at the time of the trial defendants did not then own and have all the specific articles exempt by law.

Appeal from District Court, Leon County; Carl T. Harper, Judge.

Suit by Gresham & Son against Mary Gould and others to recover on a note and to foreclose a mortgage. Judgment for plaintiffs, and defendants appeal. Affirmed.

Wm. Watson and L. T. Dashiell, both of Centerville, for appellants.

Joe H. Seale, of Centerville, for appellees.

LANE, J. This suit was brought by Gresham & Son, a firm composed of L. T. Gresham and L. G. Gresham, against Mary Gould, Jim Gould, Walter Gould, Tom Gould, Pothenia Taylor and husband, Lace Taylor, Katy Lee Cary, Jimie Lacey, and Pearl Warren, and Serena McDavis and her husband, ——— McDavis.

Plaintiff's suit was to recover a balance due upon a certain note executed and delivered by one Altimo Gould to Gresham & Holleman, a firm composed of L. T. Gresham and E. T. Holleman, on the 6th day of January, 1915, for the sum of $150.05, payable on the 1st day of January, 1916, bearing 10 per cent. interest from January 1, 1915, until paid, and providing for the payment of 10 per cent. as attorney's fees, etc. They also sued for a foreclosure of a mortgage lien on 78 acres of land situated in Leon county, Tex., given by the said Altimo Gould to secure the payment of said note, interest, and attorney's fees.

All interest in said note owned by E. T. Holleman was, before the institution of the suit, transferred by Holleman to L. G. Gresham.

Plaintiffs alleged that Mary Gould was the widow of Altimo Gould, who died on the 21st day of November, 1916, and that the other defendants were the heirs of said Altimo Gould; that defendants Katy Cary, Jimie Lacey, and Pearl Warren were minors without guardians; that, although the said Altimo Gould had been dead more than four years prior to the filing of this suit, there had been no one appointed to administer upon his estate. Their prayer was for judgment for the balance due upon the note, principal, and interest, for attorney's fees as provided for therein, for a foreclosure of their mortgage lien, and sale thereunder, etc.

The defendants by their attorneys and guardians ad litem, Watson & Dashiell, answer by general demurrer upon the grounds that the petition of the plaintiffs shows that their cause of action was barred by the statute of limitations of four years before their suit was filed; and, answering to the merits of the case, they pleaded the four-year stat-

ute of limitation in bar of plaintiffs' right to recover; and for further special answer they admitted the execution of the note and mortgage sued upon by plaintiffs, but alleged that Altimo Gould died on the 21st day of November, 1916, and that Mary Gould and the other defendants were his surviving heirs. They then set up claim to the land involved in the suit as a part of the homestead of Mary Gould, the widow, and an unmarried daughter of Altimo and Mary Gould who resided with the family at the time of the death of Altimo.

As an alternative plea, in the event it should be decided that said 78 acres of land was no part of the homestead of Mary Gould, they allege that at the time of the death of Altimo Gould he was short of exempt property allowed by law to the head of a family the following: 2 yokes of oxen; 20 hogs; 20 sheep; one horse or mule; 4 cows and their calves; one wagon; and one buggy—all of the aggregate value of $780. They prayed that, in the event it should be held that said 78 acres was no part of their homestead, then that they be permitted to recover judgment for the value of the exempt property not on hand at the time of the death of Altimo Gould in lieu of said exempt property, and that, if the land involved in this suit be sold under the orders of the court, out of the proceeds of such sale they should be first paid the said sum of $780 in lieu of the exempt property on hand at the time of the death of Altimo Gould.

The execution of the note and mortgage and the heirship as alleged by plaintiffs are not controverted.

Mary Gould testified that she was the wife of Altimo Gould at the time of his death (and the only inference to be drawn from the evidence is that she had been such wife for many years prior to this death). She testified that she and one of their unmarried daughters were living with her husband at the time of his death on 10 acres of land owned by her in her own separate right, and that they had at all times since such death continued to so live on said 10 acres; that at the time Altimo Gould died they had none of the property allowed by law as exempt to the head of a family, except one cow and one mule.

On cross-examination she testified as follows:

"Yes, sir; this 10 acres that I live on is right here in the edge of town. I don't know how far I live from the courthouse. Yes, sir; you can almost see my house from here. Yes, sir; I live a close neighbor to you (meaning Mr. Seale). I am not very far from Mr. Bob Johnson and Mr. Yance Holleman and Judge Craig and Mr. Cobb. We are all right there close together. I don't know how many people there are in Centerville. I don't know how far this 78-acre tract of land is from where I live. I never did live on that 78 acres. I don't know whether it is fenced or not. I have never been there, and I don't know anything about it. I have never used it. Altimo never used it. He never did fence it. At the time Altimo died, if he owed anything else besides that account with Gresham and Holleman, I don't know it."

It was agreed that there was no administration on the estate of Altimo Gould.

The value of the exempt property not on hand at the death of Altimo Gould was in excess of $500.

It was also shown that the 78 acres of land involved in the suit was not part of the homestead at any time.

The cause was tried before the court without a jury, and judgment was rendered in favor of the plaintiffs for the sums of $275.45. All costs of suit were also adjudged against defendants, including $25 taxed as a fee for Watson & Dashiell as attorneys for the minor defendants Katy Cary, Jimie Lacey, and Pearl Warren.

The court also adjudged that plaintiffs' mortgage lien be foreclosed on said 78 acres of land, that the same be sold, and that out of the proceeds of such sale the judgment of plaintiffs and all costs of suit be first paid, and that, if any of such proceeds should remain after making such payment, the same should be paid to the clerk of the court subject to the further orders of the court.

Appellants assign three reasons why the judgment should be reversed, as follows: First, because the court erred in not sustaining their plea of limitation; second, in not sustaining their plea of homestead; and, third, in not awarding them judgment in the sum of $980 in lieu of exempt property not on hand at the time of the death of Altimo Gould, and an allowance for one year's provisions, the same to be paid out of the proceeds of the sale of the 78 acres of land involved in this suit.

[1] That the court did not err in refusing to find for defendants upon their pleas of limitation and homestead seems too clear to us to call for further discussion, but the third assignment, however, presents a question which has been decided by us adversely to appellants, after a careful consideration, but not without some doubt as to the correctness of the conclusion reached.

[2] We will add, however, to what has just been said that there is no sort of doubt in our minds that appellants are not entitled to an award at this time of any sum in lieu of provisions for the support of the family for one year.

By article 3404, Vernon's Sayles' Civil Statutes, it is provided that such an allowance, if made, is to be made within 12 months after the grant of original testamentary letters; and by article 3406 it is provided that no such allowance shall be

made to the widow and minor children when they have property in their own right adequate to their maintenance.

There was no evidence showing that there were any minors belonging to the family of Altimo Gould, nor was there any attempt to show that Mary Gould did not have adequate means for her support for one year at the time of the trial of this cause.

Reverting now to the question relating to an award in lieu of exempt property not on hand at the time of the death of Altimo Gould, by article 3413, Vernon's Sayles' Civil Statutes, it is provided:

"At the first term of the court after an inventory, appraisement and list of claims have been returned, it shall be the duty of the court, by an order entered upon the minutes, to set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate as may be exempt from execution or forced sale by the Constitution and laws of the state."

And by articles 3414 and 3419, it is provided:

"Art. 3414. In case there should not be among the effects of the deceased all or any of the specific articles so exempted it shall be the duty of the court to make a reasonable allowance in lieu thereof, to be paid to such widow and children, or such of them as there may be as hereinafter directed."

"Art. 3419. If there be no property of the deceased that such widow or children are willing to take for such allowance, or not a sufficiency, and there be no funds, or not sufficient funds of the estate in the hands of such executor or administrator to pay such allowance, or any part thereof, it shall be the duty of the county judge, on the application in writing of such widow and children, to order a sale of so much of the estate for cash as will be sufficient to raise the amount of such allowance, or a part thereof, as the case may require."

[3] While it is well settled that property specifically designated by law as exempt property to the head of a family passes absolutely to the surviving constituents of the family upon the death of the husband and father, and that it is not essential that an order be entered by the probate court setting it aside as exempt, to entitle said survivors to the possession thereof, we think that by the enactment of the articles quoted the Legislature intended to provide that, before the surviving wife and minor children could have the allowance, in lieu of exempt property, awarded as provided by article 3419, they must present to the probate court their application in writing for such award within four years after the death of the head of the family.

[4] We also think that it was intended by the provisions of article 3413 that the exemptions should be set aside by an order of the probate court, after the return of an inventory of the properties of the deceased, to show what exempt property was among the effects of the deceased, so that such exempt property might be set aside, and to also show what specific articles of exemption were not on hand, so that the court, in compliance with the provision of article 3414, might make a reasonable allowance in lieu of such property not on hand, in the event an application in writing was made therefor as provided by article 3419.

[5] It seems to us that, had the appellants in the present cause desired to have an allowance awarded to them in lieu of exempt property not among the effects of the deceased, Altimo Gould, they should have caused an administration to be taken out within four years after his death upon his estate, so that articles 3414 and 3419 could have been complied with, and that, since they failed to do so, they cannot, after the expiration of four years, the time limit for taking out such administration, have the district court to make such allowance.

Independent, however, of what has been already said, there are, we think, other reasons why appellants' contentions should not be sustained.

[6] First, there was no evidence showing of what property the estate consisted at the time of the death of Altimo Gould. It was shown only that he died on the 21st day of November, 1916, and at that time he owned one mule, one cow, and the 78 acres of land involved in this suit. It is not shown but what there was ample property belonging to the estate which might have been accepted by appellants in lieu of exempt property not on hand, as provided by articles 3414 and 3419, or that there was not sufficient funds belonging to said estate to pay an allowance in lieu of such exempt property not on hand. If there was such property and funds, and appellants appropriated the same to their own use, they should not now, after the lapse of more than four years after the death of Altimo Gould, be permitted to take the property upon which appellees have a lien as an allowance in lieu of specific articles of exempt property not on hand. It seems to us that it would be a harsh rule that would allow appellants to dispose of property subject to forced sale to pay the debts of the deceased and then allow them the right to have the property upon which appellees hold their lien sold, and the proceeds of such sale applied to the payment of an allowance in lieu of exempt property.

[7] Second, it was not shown that at the time of the trial of this cause appellants did not then own and have all the specific articles exempted by law. We are of opinion that, if they did have such specific articles at the time of the trial of this cause, they were not entitled to have the allowance prayed for by them.

We are strengthened in our conclusion last expressed by the provisions of articles 3404 and 3406. Article 3404 provides for an allowance for widows and minor children to be paid out of the estate of the husband and father, and article 3406 provides that no such allowance shall be made for the widow and children when they have property adequate to their maintenance..

For the reasons pointed out, the judgment of the court below is affirmed.

Affirmed.